IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

v.

JAMES CHRIS COLASANTI,

      Defendant,

Case No. 6:20-cr-00149-AA
**ORDER AND OPINION**

AIKEN, District Judge:

Now before the Court is defendant James Chris Colasanti's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 12. The Court previously heard oral argument on this matter on October 9, 2020. ECF No. 20. For the reasons stated on the record, the Court granted the motion at the hearing. The Court then entered a Second Amended Judgment reducing defendant's sentence to one of time served as of October 16, 2020. ECF No. 21. This opinion is entered to complete the record.

/ / /

## BACKGROUND

Defendant was previously on supervision to this Court related to past convictions in cases 6:96-cr-60132-AA, 3:97-cr-60121-AA and, the present case, 6:20-cr-00149-AA. While a resident at the Lane County Residential Reentry Center, defendant was arrested pursuant to alleged violation of the terms of his supervised released on October 3, 2019. Defendant was subsequently charged by information in 6:20-cr-00056-AA with Possession of a Dangerous Weapon in a Federal Facility in violation of 18 U.S.C. § 930(a). Defendant then pleaded guilty to that charge as well as various supervised release violations pursuant to negotiated agreement with the government on May 18, 2020. At the same hearing, defendant was sentenced to concurrent 18 months in Bureau of Prisons ("BOP") custody in each of his supervised release violation cases, 6:96-cr-60132-AA, 3:97-cr-60121-AA and, 6:20-cr-00149-AA, and 10 months in custody for the new crime in 6:20-cr-00056-AA to run consecutively with the sentences for the supervised release violations. The Court also imposed an additional 18-month term of supervised released.

When he filed the present motion, defendant was housed at FCI Sheridan and projected to be released from custody on January 1, 2021.

## LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the

Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age,

medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Initially, the Court notes that defendant submitted a request for compassionate release to the warden at FCI Sheridan on July 27, 2020. The warden never responded to that request. Given that more than thirty days have passed without a response since the request was made, defendant's motion is properly before this Court.

Defendant is a 57-year-old man who has numerous health concerns which include: a compromised immune system, Post Traumatic Stress Disorder ("PTSD"), depression, schizophrenia, Latent Tuberculosis ("LTBI"), seizure disorder, chronic lower back pain, Thrombocytopenia, myopia, regular astigmatism, presbyopia, degenerative disc disease, thoracic or lumbosacral neuritis or radiculitis, dental

problems, and a history of hepatitis C. At oral argument, the government conceded that defendant is likely medically qualified for compassionate release.

Indeed, many of plaintiff's current comorbidities put him at a high risk for not only contracting but also developing severe complications from COVID-19. Accordingly, the Court finds that extraordinary and compelling reasons exist to grant compassionate release.

After considering the factors outlined in 18 U.S.C. § 3553(a), the Court is persuaded that goals of sentencing would not be undermined by granting defendant's request for compassionate release.

Though defendant does have a lengthy criminal history, he has already served, when counting good time credit, close to his full sentence in this case with effectively less than four months before his scheduled release. Further, defendant's mental health conditions coupled COVID-19 conditions have made the time he has served harsher and more stressful than it would be under normal circumstances. The Court finds defendant's efforts toward rehabilitation while incarcerated as significant.

Finally, given the limited amount of time left on his sentence and his rehabilitate efforts, the Court finds that defendant would not pose a danger to the community at the time this motion was pending. *See* 18 U.S.C. § 3142(g).

///

///

///

///

## CONCLUSION

Accordingly, defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 12) is GRANTED.

IT IS SO ORDERED.

Dated this  28th  day of May 2021.


                                  /s/Ann Aiken  
                                  Ann Aiken  
                        United States District Judge